UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JHENY RUILOVA,<br><br>       Plaintiff,<br><br>      –against–<br><br>861 REST. INC. d/b/a PARK CAFÉ,<br>CHRISTOS AVERKIOU, and SOFOKELIS<br>DERTOUZOS, jointly and severally,<br><br>       Defendants. | 16 CV 5244 |

**COMPLAINT AND JURY DEMAND**

1. The plaintiff pursuant to the Fair Labor Standards Act, 29 U.S.C. § 215(b), alleges that the defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the defendants are liable to the plaintiff for unpaid or underpaid (1) minimum wages, (2) overtime compensation, and such other relief available by law.

2. The plaintiff further alleges, pursuant to N.Y. Lab. Law §§ 198(1-a) and 663(1), that the defendants violated the Minimum Wage Act, N.Y. Lab. Law § 650, *et seq.*, and section 191 of the New York Labor Law, and the defendants are liable to the plaintiff for unpaid or underpaid (1) minimum wages, (2) overtime compensation, (3) uniform maintenance pay, and (4) reimbursement of costs of purchasing a required uniform.

3. The plaintiff further alleges, pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-d), that the defendants violated the same, N.Y. Lab. Law § 195(3), and that the plaintiff should be awarded of the defendants statutory damages, injunctive relief, and such other relief available by law.

1

## JURISDICTION AND VENUE

4. Jurisdiction of this action is conferred upon the Court by the Fair Labor Standards Act, 29 U.S.C. § 216(b), and further by 28 U.S.C. §§ 1331 and 1337.

5. Jurisdiction over all other claims is within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391. The parties reside where set forth herein. A substantial part of the events or omissions giving rise to the claims alleged herein occurred in the judicial district of this Court.

## PARTIES

7. The plaintiff Jheny Ruilova is and was at all relevant times an adult residing in Queens County, New York.

8. The defendant 861 Rest. Inc. is and was at all relevant times a New York business corporation with its office in New York County.

9. Upon information and belief, the defendant Christos Averkiou is and was at all relevant times an adult residing in Queens County, New York.

10. Upon information and belief, the defendant Sofokelis Dertouzos is and was at all relevant times an adult residing in Queens County, New York.

## STATEMENT OF FACTS

11. At all relevant times, the defendants' business is a full-service restaurant doing business as Park Café and located at 861 7th Avenue, New York, New York.

12. Upon information and belief, at all relevant times, the defendant Christos Averkiou was an owner, shareholder, officer, or manager of the defendants' business.

13. Upon information and belief, at all relevant times, the defendant Christos Averkiou was an individual who actively participated in the business of the defendants, exercised substantial control over the functions of the employees of the defendants, including the plaintiff, and acted directly or indirectly in the interest of an employer.

14. Upon information and belief, at all relevant times, the defendant Christos Averkiou had the capacity on behalf of the defendants to establish the wages and hours of the employees of the defendants.

15. Upon information and belief, at all relevant times, the defendant Sofokelis Dertouzos was an owner, shareholder, officer, or manager of the defendants' business.

16. Upon information and belief, at all relevant times, the defendant Sofokelis Dertouzos was an individual who actively participated in the business of the defendants, exercised substantial control over the functions of the employees of the defendants, including the plaintiff, and acted directly or indirectly in the interest of an employer.

17. Upon information and belief, at all relevant times, the defendant Sofokelis Dertouzos had the capacity on behalf of the defendants to establish the wages and hours of the employees of the defendants.

18. The defendants are associated and are joint employers, act in the interest of each other with respect to the employees of the defendants, have common policies and practices as to wages and hours, and share control over the defendants' employees.

19. The defendants have employed the plaintiff approximately from 2008 through the present.

20. The defendants employ the plaintiff as a waitress.

21. The plaintiff worked for the defendants approximately forty-seven and one-half hours per week until approximately 2014 and then approximately forty hours per week thereafter.

22. The defendants paid the plaintiff approximately $5.00 per hour and only for thirty-five hours of work per week until approximately May 2013, and then $5.00 per hour and only for forty-hours of work per week until approximately 2014, and then $5.00 per hour and only for thirty-eight hours of work per week until approximately 2016, and then approximately $7.50 per hour and only for thirty-eight hours per week thereafter.

23. The defendants pay the plaintiff by check.

24. The plaintiff's required uniform is an apron.

25. The plaintiff has spent approximately $120 to purchase required uniforms, which the defendants did not reimburse.

26. The defendants willfully failed to pay the plaintiff the applicable minimum wage.

27. The plaintiff worked in excess of forty hours each workweek, yet the defendants willfully failed to pay the plaintiff overtime compensation of one and one-half times their regular rate of pay.

28. The defendants did not launder or maintain the plaintiff's required uniforms and the plaintiff laundered and maintained the plaintiff's required uniforms at the plaintiff's expense, and the defendants willfully failed to pay an allowance to the plaintiff for uniform maintenance.

29. The plaintiff purchased a required uniform, and the defendants failed to reimburse the plaintiff the total cost of the uniform.

30. Upon information and belief, while the defendants employed the plaintiff, the defendants failed to maintain accurate and sufficient records.

## FIRST CLAIM FOR RELIEF:
## FAIR LABOR STANDARDS ACT

31. The plaintiff realleges and incorporates by reference paragraphs 1 through 30 as if they were set forth again herein.

32. At all relevant times, the defendants, employers, employed the plaintiff, employees, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), (e)(1), and (g).

33. The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r).

34. The enterprise of the defendants employs employees engaged in commerce or in the production of goods for commerce, or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a)(i).

35. Upon information and belief, at all relevant times, the enterprise of the defendants has had an annual gross volume of sales made or business done not less than of $500,000, exclusive of separate retail excise taxes, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a)(ii).

36. Therefore, upon information and belief, at all relevant times, the plaintiff have been employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a).

37. The defendants in many workweeks willfully and repeatedly violated and are violating the Fair Labor Standards Act, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay the plaintiff the minimum wage applicable under the Fair Labor Standards Act, 29 U.S.C. § 206.

38. The defendants in many workweeks willfully and repeatedly violated and are violating the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay the plaintiff at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

39. By 29 U.S.C. § 216(b), the defendants are liable to the plaintiff for unpaid or underpaid (1) minimum wages and (2) overtime compensation.

40. The plaintiff is further entitled to recover of the defendants an equal amount as liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

41. The foregoing conduct, as alleged, constitutes a willful violation of the Fair Labor Standards Act within the meaning of the Portal-to-Portal Act, 29 U.S.C. § 255(a).

## SECOND CLAIM FOR RELIEF:
## MINIMUM WAGE ACT

42. The plaintiff realleges and incorporates by reference paragraphs 1 through 41 as if they were set forth again herein.

43. At all relevant times, the defendants, employers, employed the plaintiff, an employee, within the meaning of the New York Labor Law, §§ 2(5)–(7), 190(2)–(3), and 651(5)–(6), and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.2.

44. From January 1, 2007, to July 23, 2009, the applicable minimum wage was $7.15 per hour, and from July 24, 2009, to December 30, 2013, $7.25, and from December 31, 2013, to December 30, 2014, $8.00, and from December 31, 2014, until December 30, 2015, 8.75, and from December 31, 2015, to the present, $9.00, pursuant to N.Y. Lab. Law § 652 and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.2.

45. The defendants violated and are violating the plaintiff's rights by failing to pay or underpaying the plaintiff the required minimum wage, in violation of N.Y. Lab. Law § 652 and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.2.

46. The defendants violated and are violating the plaintiff's rights by failing to pay or underpaying the plaintiff overtime compensation at a rate not less than one and one-half times the plaintiff's regular rate of pay for the hours the plaintiff worked in excess of forty per workweek, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4.

47. The defendants violated and are violating the plaintiff's rights by failing to pay or underpaying the plaintiff spread-of-hours compensation, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6.

48. From January 1, 2007, to July 23, 2009, the applicable uniform maintenance pay for workweeks over thirty hours was $8.90 per week, and from July 24, 2009, to December 30, 2013, $9.00, and from December 31, 2013, to December 30, 2014, $9.95, and from December 31, 2014, until December 30, 2015, $10.90, and from December 31, 2015, to the present, $11.20, pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.7.

49. The defendants violated and are violating the plaintiff's rights by failing to pay or underpaying the plaintiff uniform maintenance pay, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.7.

50. The defendants violated and are violating the plaintiff's rights by failing to reimburse the plaintiff the costs of purchasing a required uniform, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.8.

51. The defendants' failure to pay the plaintiff the foregoing timely is a violation of section 191 of the New York Labor Law.

52. By N.Y. Lab. Law §§ 198(1-a) and 663(1), the defendants are liable to the plaintiff for unpaid or underpaid (1) minimum wages, (2) overtime compensation, (3) uniform maintenance pay, and (4) reimbursement of costs of purchasing a required uniform.

53. The plaintiff is further entitled to recover of the defendants liquidated damages pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a), and the Minimum Wage Act, N.Y. Lab. Law § 663(1).

54. The defendants failed to post notices of the defendants' employees' rights under the law, required by N.Y. Lab. Law §§ 198(d) and 661 and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.4.

### THIRD CLAIM FOR RELIEF:
### WAGE THEFT PREVENTION ACT

55. The plaintiff realleges and incorporates by reference paragraphs 1 through 54 as if they were set forth again herein.

56. The defendants failed to furnish to the plaintiff with each wage payment a statement listing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.3.

57. Due to the defendant's violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.3, the plaintiff should be awarded of the defendants statutory damages of $100.00 per workweek that the violation occurred, up to a

maximum of $2,500.00 until February 26, 2015, and statutory damages of $250.00 per workday that the violation occurred, up to a maximum of $5,000, thereafter, pursuant to N.Y. Lab. Law § 198(1-d).

58. Further, the defendants, including the defendants' officers, agents, employees, and those persons in active concert or participation with the defendants, should be permanently enjoined from violating the Wage Theft Prevention Act, § 195(3), pursuant to the same, N.Y. Lab. Law § 198(1-d).

## FOURTH CLAIM FOR RELIEF: DECLARATORY RELIEF

59. The plaintiff realleges and incorporates by reference paragraphs 1 through 58 as if they were set forth again herein.

60. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, and Rule 57 of the Federal Rules of Civil Procedure, the plaintiff may obtain declaratory relief.

61. The defendants violated the Fair Labor Standards Act, Minimum Wage Act, section 191 of the New York Labor Law, and the Wage Theft Prevention Act.

62. It is in the public interest to have these declarations of rights recorded.

63. A declaratory judgment serves the useful purpose of clarifying and settling the legal issues in this action.

64. A declaratory judgment would terminate and afford relief from uncertainty, insecurity, and controversy giving rise to this action.

## PRAYER FOR RELIEF

65. Wherefore, the plaintiff prays this Court grant as relief:

a. a declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act, the Minimum Wage Act, section 191 of the New York Labor Law, and the Wage Theft Prevention Act;

b. an award of unpaid or underpaid (1) minimum wages and (2) overtime compensation, due under the Fair Labor Standards Act;

c. an award of liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b);

d. an award of unpaid or underpaid (1) minimum wages, (2) overtime compensation, (3) spread-of-hours wages, (4) uniform maintenance pay, (5) reimbursement of costs of purchasing a required uniform, due under the Minimum Wage Act and section 191 of the New York Labor Law;

e. an award of liquidated damages pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a), and the Minimum Wage Act, N.Y. Lab. Law § 663(1);

f. an award of statutory damages for the defendants' violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3), pursuant to the same, N.Y. Lab. Law § 198(1-d);

g. a permanent injunction restraining the defendants, including the defendants' officers, agents, employees, and those persons in active concert or participation with the defendants, from violating the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3), pursuant to the same, N.Y. Lab. Law § 198(1-d);

h. if liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

  i. an award of prejudgment interest pursuant to the New York Civil Practice Law and Rules, §§ 5001–02;

  j. an award of postjudgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules, § 5003;

  k. an award of the attorney's fees, costs, and further expenses up to fifty dollars, of this action, pursuant to 29 U.S.C. § 216(b), and N.Y. Lab. Law §§ 198(1)–(2) and 663(1); and

  l. such other and further relief as this Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiff demands a trial by jury on all questions of fact raised by the complaint.

LAW OFFICE OF JUSTIN A. ZELLER, P.C.

By: _____
John M. Gurrieri
jmgurrieri@zellerlegal.com
Brandon D. Sherr
bsherr@zellerlegal.com
Justin A. Zeller
jazeller@zellerlegal.com
277 Broadway, Suite 408
New York, N.Y. 10007-2036
Telephone: (212) 229-2249

Dated: New York, New York  Facsimile: (212) 229-2246
    July 1, 2016       **ATTORNEYS FOR PLAINTIFF**