UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

---

VERONIKA RADIONOVA, JHENY
RUILOVA, and SAVVAS SAVVA,

                    Plaintiffs,


         –against–                                    16 CV 5244 (JGK)


861 REST. INC. d/b/a PARK CAFÉ,
CHRISTOS AVERKIOU, and SOFOKELIS
DERTOUZOS, jointly and severally,

                    Defendants.

---

## FIRST AMENDED COMPLAINT AND JURY DEMAND

1.      The plaintiffs allege that the defendants violated the Fair Labor Standards Act, 29

U.S.C. §§, 201, 215(a)(3) *et seq.*, and the defendants are liable to the plaintiffs for (1) unpaid or

underpaid minimum wages, (2) unpaid or underpaid overtime compensation, (3) the payment of

wages lost due to retaliation, (4) reinstatement, (5) compensatory damages for retaliation, (6)

punitive damages for retaliation, and such other relief available by law.

2.      The plaintiffs further allege, pursuant to N.Y. Lab. Law §§ 198(1-a), 663(1), and 215,

that the defendants violated the Minimum Wage Act, N.Y. Lab. Law § 650, *et seq.*, and section 191

of the New York Labor Law, and the defendants are liable to the plaintiffs for unpaid or underpaid

(1) minimum wages, (2) overtime compensation, (3) uniform maintenance pay, (4) reimbursement

of costs of purchasing a required uniform, (5) lost compensation due to retaliation, (6) rehiring or

reinstatement of the plaintiffs to their former positions with restoration of seniority or an award of

front pay in lieu of reinstatement, and such other relief available by law .

3.      The plaintiffs further allege, pursuant to the Wage Theft Prevention Act, N.Y. Lab.

Law § 198(1-b)–(1-d), that the defendants violated the same, N.Y. Lab. Law § 195(1)–(3), and that

the plaintiffs should be awarded of the defendants statutory damages, injunctive relief, and such other relief available by law.

## JURISDICTION AND VENUE

4.      Jurisdiction of this action is conferred upon the Court by the Fair Labor Standards Act, 29 U.S.C. § 216(b), and further by 28 U.S.C. §§ 1331 and 1337.

5.      Jurisdiction over all other claims is within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391. The parties reside where set forth herein. A substantial part of the events or omissions giving rise to the claims alleged herein occurred in the judicial district of this Court.

## PARTIES

7.      The plaintiff Veronika Radionova is and was at all relevant times an adult residing in Kings County, New York.

8.      The plaintiff Jheny Ruilova is and was at all relevant times an adult residing in Queens County, New York.

9.      The plaintiff Savvas Savva is and was at all relevant times an adult residing in Queens County, New York.

10.     The defendant 861 Rest. Inc. is and was at all relevant times a New York business corporation with its office in New York County.

11.     The defendant Christos Averkiou is and was at all relevant times an adult residing in Queens County, New York.

12.     The defendant Sofokelis Dertouzos is and was at all relevant times an adult residing in Queens County, New York.

**STATEMENT OF FACTS**

13.     At all relevant times, the defendants' business is a full-service restaurant doing business as Park Cafe and located at 861 7th Avenue, New York, New York.

14.     At all relevant times, the defendant Christos Averkiou was an owner, shareholder, officer, or manager of the defendants' business.

15.     At all relevant times, the defendant Christos Averkiou was an individual who actively participated in the business of the defendants, exercised substantial control over the functions of the employees of the defendants, including the plaintiffs, and acted directly or indirectly in the interest of an employer.

16.     At all relevant times, the defendant Christos Averkiou had the capacity on behalf of the defendants to establish the wages and hours of the employees of the defendants.

17.     At all relevant times, the defendant Sofokelis Dertouzos was an owner, shareholder, officer, or manager of the defendants' business.

18.     At all relevant times, the defendant Sofokelis Dertouzos was an individual who actively participated in the business of the defendants, exercised substantial control over the functions of the employees of the defendants, including the plaintiffs, and acted directly or indirectly in the interest of an employer.

19.     At all relevant times, the defendant Sofokelis Dertouzos had the capacity on behalf of the defendants to establish the wages and hours of the employees of the defendants.

20.     The defendants are associated and are joint employers, act in the interest of each other with respect to the employees of the defendants, have common policies and practices as to wages and hours, and share control over the defendants' employees.

21.     The defendants employed the plaintiff Veronika Radionova approximately from November 20120 through the present.

22.     The defendants employed the plaintiff Veronika Radionova as a waitress.

23.     The plaintiff Veronika Radionova worked for the defendants approximately between fifty-five and sixty-five hours per week until approximately 2013 then approximately forty-five hours per week thereafter.

24.     The defendants paid the plaintiff Veronika Radionova approximately $5.00 per hour until approximately 2015, then approximately $7.50 per hour thereafter. The defendants paid the plaintiff Veronika Radionova for up to approximately thirty-five hours of work per week until approximately May 2013 and then up to approximately forty hours thereafter.

25.     The defendants paid the plaintiff Veronika Radionova by check.

26.     The plaintiff Veronika Radionova's uniform was a vest with a logo.

27.     The plaintiff Veronika Radionova complained to the defendants that the hours that appeared on her paystubs did not correctly reflect the amount of hours she was actually working, and that she was thus not being paid for all hours that she worked.

28.     As a result of the plaintiff Veronika Radionova's complaining, the defendant Mr. Dertouzos said, "if you don't like it, there's the door."

29.     As a result of her complaining, the defendants assigned the plaintiff Veronika Radionova fewer tables, and she thus has been making less money in tips than she was making before she complained.

30.     The defendants have employed the plaintiff Jheny Ruilova approximately from 2008 through the present.

31.     The defendants employ the plaintiff Jheny Ruilova as a waitress.

32.     The plaintiff Jheny Ruilova worked for the defendants approximately forty-seven and one-half hours per week until approximately 2014 and then approximately forty hours per week thereafter.

33.     The defendants paid the plaintiff Jheny Ruilova approximately $5.00 per hour and only for thirty-five hours of work per week until approximately May 2013, and then $5.00 per hour and only for forty-hours of work per week until approximately 2014, and then $5.00 per hour and only for thirty-eight hours of work per week until approximately 2016, and then approximately $7.50 per hour and only for thirty-eight hours per week thereafter.

34.     The defendants pay the plaintiff Jheny Ruilova by check.

35.     The plaintiff Jheny Ruilova's required uniform is an apron.

36.     The plaintiff Jheny Ruilova has spent approximately $120 to purchase required uniforms, which the defendants did not reimburse.

37.     The defendants employed the plaintiff Savvas Savva approximately from June 2014 until August 2015.

38.     The defendants employed the plaintiff Savvas Savva as a waiter.

39.     The plaintiff Savvas Savva worked for the defendants approximately fifty hours per week.

40.     The defendants paid the plaintiff Savvas Savva approximately no wages.

41.     The plaintiff Savvas Savva's uniform was a vest with a logo.

42.     The plaintiff Savvas Savva complained to management, including the defendant Sofokelis Dertouzos, that he was not being paid any wages.

43.     As a result of the plaintiff Savvas Savva's complaining, the defendant Mr. Dertouzos said, "if you don't like it, there's the door."

44.     The defendants then started to assign the plaintiff Savvas Savva fewer tables, and he thus started making less money in tips than what he was making before he complained. The defendants began to assign Mr. Savva fewer tables because he complained about receiving no wages.

45.     The plaintiff Savvas Savva continued to complain, nonetheless, and then, because of his complaining, the defendants fired him in August 2015.

46.     The defendants willfully failed to pay the plaintiffs the applicable minimum wage.

47.     The plaintiffs worked in excess of forty hours each workweek, yet the defendants willfully failed to pay the plaintiffs overtime compensation of one and one-half times their regular rate of pay.

48.     The defendants did not launder or maintain the plaintiffs' required uniforms and the plaintiffs laundered and maintained the plaintiffs' required uniforms at the plaintiffs' expense, and the defendants willfully failed to pay an allowance to the plaintiffs for uniform maintenance.

49.     The plaintiffs purchased a required uniform, and the defendants failed to reimburse the plaintiffs the total cost of the uniform.

50.     The defendants unlawfully retaliated against the plaintiffs Veronika Radionova Savvas Savva.

51.     The defendants failed to provide the plaintiffs with a notice and acknowledgment at the time of hiring.

52.     The defendants failed to provide the plaintiffs with a statement with each payment of wages.

53.     Upon information and belief, while the defendants employed the plaintiffs, the defendants failed to maintain accurate and sufficient records.

## FIRST CLAIM FOR RELIEF:
## FAIR LABOR STANDARDS ACT

54.     The plaintiffs, on behalf of the plaintiffs, reallege and incorporate by reference paragraphs 1 through 53 as if they were set forth again herein.

55.     At all relevant times, the defendants, employers, employed the plaintiffs, employees, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), (e)(1), and (g).

56.     The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r).

57.     The enterprise of the defendants employs employees engaged in commerce or in the production of goods for commerce, or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a)(i).

58.     Upon information and belief, at all relevant times, the enterprise of the defendants has had an annual gross volume of sales made or business done not less than of $500,000, exclusive of separate retail excise taxes, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a)(ii).

59.     Therefore, upon information and belief, at all relevant times, the plaintiffs have been employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a).

60.     The defendants in many workweeks willfully and repeatedly violated and are violating the Fair Labor Standards Act, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay the plaintiffs the minimum wage applicable under the Fair Labor Standards Act, 29 U.S.C. § 206.

61.    The defendants in many workweeks willfully and repeatedly violated and are violating the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay the plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

62.    The defendants unlawfully discharged or discriminated against the plaintiffs because the plaintiffs complained about violations of the Fair Labor Standards Act, in violation of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3).

63.    By 29 U.S.C. § 216(b), the defendants are liable to the plaintiffs for unpaid or underpaid (1) minimum wages, (2) overtime compensation, (3) the payment of wages lost due to retaliation, (4) reinstatement, (5) compensatory damages for retaliation, and (6) punitive damages for retaliation.

64.    The plaintiffs are further entitled to recover of the defendants an equal amount as liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

65.    The foregoing conduct, as alleged, constitutes a willful violation of the Fair Labor Standards Act within the meaning of the Portal-to-Portal Act, 29 U.S.C. § 255(a).

**SECOND CLAIM FOR RELIEF:**
**MINIMUM WAGE ACT AND NEW YORK LABOR LAW SECTION 215**

66.    The plaintiffs reallege and incorporate by reference paragraphs 1 through 65 as if they were set forth again herein.

67.    At all relevant times, the defendants, employers, employed the plaintiffs, employees, within the meaning of the New York Labor Law, §§ 2(5)–(7), 190(2)–(3), and 651(5)–(6), and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.2.

68.    From January 1, 2007, to July 23, 2009, the applicable minimum wage was $7.15 per hour, and from July 24, 2009, to December 30, 2013, $7.25, and from December 31, 2013, to

December 30, 2014, $8.00, and from December 31, 2014, until December 30, 2015, 8.75, and from December 31, 2015, to the present, $9.00, pursuant to N.Y. Lab. Law § 652 and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.2.

69.     The defendants violated and are violating the plaintiffs' rights by failing to pay or underpaying the plaintiffs the required minimum wage, in violation of N.Y. Lab. Law § 652 and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.2.

70.     The defendants violated and are violating the plaintiffs' rights by failing to pay or underpaying the plaintiffs overtime compensation at a rate not less than one and one-half times the plaintiffs' regular rate of pay for the hours the plaintiffs worked in excess of forty per workweek, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4.

71.     From January 1, 2007, to July 23, 2009, the applicable uniform maintenance pay for workweeks over thirty hours was $8.90 per week, and from July 24, 2009, to December 30, 2013, $9.00, and from December 31, 2013, to December 30, 2014, $9.95, and from December 31, 2014, until December 30, 2015, $10.90, and from December 31, 2015, to the present, $11.20, pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.7.

72.     The defendants violated and are violating the plaintiffs' rights by failing to pay or underpaying the plaintiffs uniform maintenance pay, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.7.

73.     The defendants violated and are violating the plaintiffs' rights by failing to reimburse the plaintiffs the costs of purchasing a required uniform, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.8.

74.     The defendants violated and are violating the plaintiffs' rights by having retaliated against and penalized the plaintiffs because the employees made a complaint to their employer or

an authorized representative that the employer engaged in conduct that the employee, reasonably and in good faith, believed violated the New York Labor Law, in violation of N.Y. Lab. Law § 215 (1–2).

75.     The defendants' failure to pay the plaintiffs the foregoing timely is a violation of section 191 of the New York Labor Law.

76.     By N.Y. Lab. Law §§ 198(1-a), 663(1), and 215(2)(a), the defendants are liable to the plaintiffs for unpaid or underpaid (1) minimum wages, (2) overtime compensation, (3) uniform maintenance pay, (4) reimbursement of costs of purchasing a required uniform, (5) lost compensation due to retaliation, (6) rehiring or reinstatement of the plaintiffs to their former positions with restoration of seniority or an award of front pay in lieu of reinstatement.

77.     The plaintiffs are further entitled to recover of the defendants liquidated damages pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a), the Minimum Wage Act, N.Y. Lab. Law § 663(1), and N.Y. Lab. Law § 215(2)(a).

### THIRD CLAIM FOR RELIEF:
### WAGE THEFT PREVENTION ACT

78.     The plaintiffs reallege and incorporate by reference paragraphs 1 through 77 as if they were set forth again herein.

79.     The defendants failed to furnish to the plaintiffs, at the time of hiring, a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; any doing business as names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the

employer, and anything otherwise required by law; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1) and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2.

80.     Due to the defendant's violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1) and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2, the plaintiff should be awarded of the defendants statutory damages of $50.00 per workweek that the violation occurred, up to a maximum of $2,500.00, until February 26, 2015, and statutory damages of $50.00 per workday that the violation occurred, up to a maximum of $5,000.00, thereafter, pursuant to N.Y. Lab. Law § 198(1-b).

81.     The defendants failed to furnish to the plaintiffs with each wage payment a statement listing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.3.

82.     Due to the defendants' violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.3, the plaintiffs should be awarded of the defendants statutory damages of $100.00 per workweek that the violation occurred, up to a maximum of $2,500.00 until February 26, 2015, and statutory damages of $250.00 per workday that the violation occurred, up to a maximum of $5,000, thereafter, pursuant to N.Y. Lab. Law § 198(1-d).

83.     Further, the defendants, including the defendants' officers, agents, employees, and those persons in active concert or participation with the defendants, should be permanently enjoined from violating the Wage Theft Prevention Act, § 195(1)–(3), pursuant to the same, N.Y. Lab. Law § 198(1-b)–(1-d).

## FOURTH CLAIM FOR RELIEF:
## DECLARATORY RELIEF

84.     The plaintiffs reallege and incorporate by reference paragraphs 1 through 83 as if they were set forth again herein.

85.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, and Rule 57 of the Federal Rules of Civil Procedure, the plaintiffs may obtain declaratory relief.

86.     The defendants violated the Fair Labor Standards Act, Minimum Wage Act, section 191 of the New York Labor Law, and the Wage Theft Prevention Act.

87.     It is in the public interest to have these declarations of rights recorded.

88.     A declaratory judgment serves the useful purpose of clarifying and settling the legal issues in this action.

89.     A declaratory judgment would terminate and afford relief from uncertainty, insecurity, and controversy giving rise to this action.

## PRAYER FOR RELIEF

90.     Wherefore, the plaintiffs, on behalf of the plaintiffs, pray this Court grant as relief:

    a.     a declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act, the Minimum Wage Act, section 191 of the New York Labor Law, and the Wage Theft Prevention Act;

    b.     an award of unpaid or underpaid (1) minimum wages, (2) overtime compensation, (3) the payment of wages lost due to retaliation, (4) reinstatement, (5)

compensatory damages for retaliation, and (6) punitive damages for retaliation, due under the Fair Labor Standards Act;

c.    an award of liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b);

d.    an award of unpaid or underpaid (1) minimum wages, (2) overtime compensation, (3) uniform maintenance pay, (4) reimbursement of costs of purchasing a required uniform, and (5) lost compensation due to retaliation, (6) rehiring or reinstatement of the plaintiffs to their former positions with restoration of seniority or an award of front pay in lieu of reinstatement, due under the Minimum Wage Act and sections 191 and 215(2)(a) of the New York Labor Law;

e.    an award of liquidated damages pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law §§ 198(1-a), 215(2)(a), and the Minimum Wage Act, N.Y. Lab. Law § 663(1);

f.    an award of statutory damages for the defendants' violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1)–(3), pursuant to the same, N.Y. Lab. Law § 198(1-b)–(1-d);

g.    a permanent injunction restraining the defendants, including the defendants' officers, agents, employees, and those persons in active concert or participation with the defendants, from violating the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1)–(3), pursuant to the same, N.Y. Lab. Law § 198(1-b)–(1-d);

h.    a permanent injunction restraining the defendants, including the defendants' officers, agents, employees, and those persons in active concert or participation with

the defendants, from continuing to retaliate against the plaintiffs pursuant to N.Y. Lab. Law § 215(2)(a).

     i.    if liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

     j.    an award of prejudgment interest pursuant to the New York Civil Practice Law and Rules, §§ 5001–02;

     k.    an award of postjudgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules, § 5003;

     l.    an award of the attorney's fees, costs, and further expenses up to fifty dollars, of this action, pursuant to 29 U.S.C. § 216(b), and N.Y. Lab. Law §§ 198(1)–(2), 215(2)(a), and 663(1);

     m.    such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiffs, on behalf of the plaintiffs, demand a trial by jury on all questions of fact raised by the complaint.

LAW OFFICE OF JUSTIN A. ZELLER, P.C.

By: _____
John M. Gurrieri
jmgurrieri@zellerlegal.com
Brandon D. Sherr
bsherr@zellerlegal.com
Justin A. Zeller
jazeller@zellerlegal.com
277 Broadway, Suite 408
New York, N.Y. 10007-2036
Telephone: (212) 229-2249
Dated: New York, New York
September 6, 2016
Facsimile: (212) 229-2246
**ATTORNEYS FOR PLAINTIFFS**